UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANK WISNIEWSKI, JOHN FILARDI,
PETER CORNALE, PAUL ROGERS, DAVID
LATKOWSKI, ROBERT GRANT, and ROBERT RUMPF

**COMPLAINT**

Plaintiffs,

-against-

1:22-CV-10287

JOHNSON CONTROLS, INC.

Defendant.
------------------------------------------------------------------------X

Plaintiffs Frank Wisniewski, John Filardi, Peter Cornale, Paul Rogers, David Latkowski, Robert Grant, and Robert Rumpf ("Plaintiffs"), by their attorneys, Menken Simpson & Rozger LLP, on behalf of themselves and all others similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs are workers currently or formerly employed by Johnson Controls Inc. ("Johnson Controls") who performed steamfitter work on private and public job sites, often involving large heating and cooling plants for public buildings, throughout the City of New York and nearby counties, and were not paid prevailing wages at the applicable rate.

2. Plaintiffs frequently worked more than 40 hours per week and were not paid time-and-one-half their required prevailing wage rate of pay for the hours they worked over 40 in a week.

3. Plaintiffs performed steamfitter work such as maintaining the repairing boilers, maintaining and preparing chillers, and performing piping repairs in and on New York public works including, but not limited to, Manhattan Psychiatric Center, Bronx Psychiatric Center, Middletown Psychiatric Center, Rockland Psychiatric Center, Nathan Kline Institute for

Psychiatric Research, the New York State Office of Mental Health Cook Chill Production Center, Mid-Hudson Forensic Psychiatric Center, Middletown New York State Troopers Troop F, Rockland Community College, Lehman College, Bronx River House, South Bronx Job Corps Center, and the Richard C. Ward Addiction Treatment Center.

4. Plaintiffs were not paid the total amount of prevailing wages and supplemental benefits for the occupation "Sprinkler/SteamFitter" for New York State owned projects in New York City according to the New York State Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.

5. Plaintiffs were also not paid the required prevailing wages and supplemental benefits for the occupation "Plumber/Steamfitter" for public projects in Orange, Rockland, Sullivan, and part of Ulster counties according to the New York State Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.

6. Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs of their lawful wages, including overtime for all hours worked in excess of forty

**7.** Plaintiffs also bring this action as third-party beneficiaries of Defendant's prevailing wage contracts. Defendant failed to comply with the statutorily required provision of all publicly-financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York State Department of Labor.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered a resident of this district, pursuant to 28 U.S.C. § 1391(d).

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

11. At all times relevant to this Complaint, Plaintiffs were employees of Johnson Controls, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

12. Defendant Johnson Controls is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin.

13. Johnson Controls is a part of the multinational conglomerate Johnson Controls International plc located in Cork, Ireland. The conglomerate is traded on the New York Stock Exchange and has over $30 billion in revenue.

**FACTUAL ALLEGATIONS**

14. Plaintiffs were employed by Defendant Johnson Controls and performed steamfitter work on various public projects in the State of New York.

15. Plaintiffs frequently worked more than forty hours in a workweek.

16. As part of its regular business practice, Johnson Controls intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs time and one half their lawful regular rate of pay, that of a steam fitter, for those hours worked in excess of forty per work week when they worked on a public job site;

   b. willfully failing to pay Plaintiffs their lawful, contractually agreed upon, regular rate of pay, that of a steam fitter, for those hours they worked on a public job site;

   c. willfully failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

17. Article 8 of the New York Labor Law requires that all of Defendant's contracts and subcontracts entered into for the performance of public works in the State of New York include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York State Department of Labor or the New York City Comptroller, as applicable.

18. Article 8 of the New York Labor Law required Defendant, as either a contractor or subcontractor performing work on a public works projects to post the prevailing wage schedule and supplement rates at the job site.

19. Article 8 of the New York Labor Law required Defendant, as contractor on public works projects, to provide subcontractors with the schedule of prevailing wages and supplements.

20. Article 8 of the New York Labor Law requires that Defendant, as a subcontractor on public works projects, provide contractors with a verified statement attesting that the schedule

of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

21. Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiffs on publicly financed construction projects.

22. Plaintiffs did steam fitting work but Defendant did not pay them the prevailing wage or supplemental benefits rate as required by said contract terms, said terms being required to be inserted in each contract or subcontract by § 220 of the New York Labor Law.

23. The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing steamfitter work on the sites of public works projects and, as such, Plaintiffs, in furnishing such labor, are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

24. Upon information and belief, at various times between 2016 and the present, Defendant Johnson Controls, entered into contracts with government agencies and/or public benefit corporations, to provide steam fitting work and employed Plaintiffs to perform the required work, including but not limited to work on the public projects described above.

25. To the extent that Johnson Controls did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiffs the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

26. Defendant Johnson Controls willfully failed to pay Plaintiffs engaged in such steam

fitting work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

27. In performance of Defendant's contracts and subcontracts on public works projects, Plaintiffs performed steam fitting work as described above.

28. Defendant Johnson Controls frequently failed to pay Plaintiffs the correct prevailing wage rate, despite the fact that they were doing steam fitting work.

29. Upon information and belief, Plaintiffs were not paid their supplemental benefits at the steam fitter prevailing wage rate, but instead were paid at a substantially reduced rate by funds contributed to the Local 638 B health, welfare and benefit funds and/or the UA Local 21 funds, as applicable.

30. Only as recently as early 2021 were Plaintiffs paid one and one-half times their lawful regular wage for hours worked in excess of forty in one week and the proper supplemental benefit rate when they worked on a public job site.

31. By way of example the prevailing wage rate for the occupation "Sprinkler/Steamfitter" for work on New York State public projects located in New York City, as set by the New York State Department of Labor, was in excess of $64 per hour during the July 2019 through June of 2020 time period.

32. The supplemental benefits rate for the occupation "Sprinkler/Steamfitter" for work on New York State public projects located in New York City, as set by the New York State Department of Labor, was in excess of $49 per hour during the July of 2019 through June of 2020 time period. The supplemental benefit rate is to be paid for each hour worked.

33. Similarly, and by way of further example, the prevailing wage rate for the occupation "Plumber/Steamfitter" for public work located in Orange, Rockland, Sullivan, and

part of Ulster counties New York City, as set by the New York State Department of Labor, was in excess of $44 per hour during the July 2019 through June of 2020 time period.

34. The supplemental benefits rate for the prevailing wage rate for the occupation "Plumber/Steamfitter" for public work located in Orange, Rockland, Sullivan, and part of Ulster counties New York City, as set by the New York State Department of Labor, was in excess of $39 per hour during the July 2019 through June of 2020 time period.

35. At no time during the July of 2019 through June of 2020 time period were Plaintiffs paid either $112.00 per hour or $93 per hour (the relevant prevailing wage plus the supplemental benefit rate) for any hour worked doing steamfitting work at any of above identified public works projects.

36. Instead, they were paid a combined hourly plus fringe benefit rate of approximately $65 per hour.

37. Defendant's unlawful conduct as herein described has been widespread, repeated and consistent.

## **INDIVIDUAL FACTUAL ALLEGATIONS**

38. Plaintiffs, who are all well trained and experienced steam fitters, worked for Defendant Johnson Controls for many years, and all but Plaintiff Robert Grant are current employees.

39. Plaintiff Frank Wisniewski resides in Montgomery, New York.

40. Since December of 2016, Plaintiff Frank Wisniewski performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the Nathan Kline Psychiatric Institute, the Richard C. Ward Addiction Treatment Center, Bronx Psychiatric Center, and the Mid-Hudson Forensic Psychiatric Center.

7

41. Plaintiff Wisniewski was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

42. Plaintiff John Filardi resides in Mahopac, New York.

43. Since December of 2016, Plaintiff Filardi performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the Bronx Psychiatric Center.

44. Plaintiff Filardi was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

45. Plaintiff Peter Cornale resides in Mahopac, New York.

46. Since December of 2016, Plaintiff Peter Cornale performed steamfitter work at numerous public projects in the relevant counties, including but not limited to Rockland Psychiatric Center, Middletown Psychiatric Center, the Richard C. Ward Addiction Treatment Center, and Bronx Psychiatric Center.

47. Plaintiff Cornale was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

48. Plaintiff Paul Rogers resides in Danbury, Connecticut.

49. Since December of 2016, Plaintiff Paul Rogers performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the Bronx

Psychiatric Center.

50. Plaintiff Rogers was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

51. Plaintiff David Latkowski resides in Ramsey, New Jersey.

52. Since December of 2016, Plaintiff David Latkowski performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the the Rockland Psychiatric Center, Nathan Kline Psychiatric Institute, Hostos Community College, Rockland Community College, the New York State Office of Mental Health Cook Chill Production Center and the Bronx Psychiatric Center.

53. Plaintiff Latkowski was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

54. Plaintiff Robert Grant resides in Matamoras, Pennsylvania.

55. From December of 2016 until he left employment with Defendant in 2000, Plaintiff Robert Grant performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the Manhattan Psychiatric Center and Lehman College.

56. Plaintiff Grant was not paid the required prevailing wages for his work on the aforesaid public projects to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

57. Plaintiff Robert Rumpf resides in Middletown, New York.

58. Since December of 2016, Plaintiff Robert Rumpf performed steamfitter work at numerous public projects in the relevant counties, including but not limited to the Richard C. Ward Addiction Treatment Center, Bronx Psychiatric Center, Rockland Psychiatric Center, Rockland Community College, and the Mid-Hudson Forensic Psychiatric Center.

59. Plaintiff Rumpf was not paid the required prevailing wages for his work on the aforesaid public projects, to wit, he was paid less than the sprinkler/steamfitter prevailing wage rate for work performed in New York City, and was paid less than the Plumber/Steamfitter prevailing wage rate for work done in Rockland, Orange, Sullivan, and part of Ulster counties.

60. Plaintiffs performed this steam fitting work in compliance with the relevant public works contracts.

61. By law and pursuant to contract, Defendant Johnson Controls was required to pay Plaintiffs the lawful prevailing wage and supplemental benefits rate for the sprinkler service work they performed, but failed to do so.

62. Plaintiffs often worked more than 40 hours in a week, but Defendant Johnson Controls failed to pay them time and one-half their regular rate of pay, set by the applicable prevailing wage schedules, plus their correct amount of supplemental benefits pay.

## FIRST CAUSE OF ACTION

### (FLSA: UNPAID OVERTIME WAGES)

63. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 62 herein.

64. At all times relevant to this action, Plaintiffs and the putative collective were employed by Defendant Johnson Controls and./or its merger partner SimplexGrinnell LP within

the meaning of the FLSA, 29 U.S.C. § 203.

65. At all times relevant to this action, Plaintiffs were engaged in commerce and Defendant Johnson Controls was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. Defendant Johnson Controls willfully failed to pay Plaintiffs overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the applicable prevailing wage rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

67. Due to the FLSA violations committed by Defendant Johnson Controls, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**(BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)**

68. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 herein.

69. Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

70. The prevailing wage and supplement rates for Sprinkler/Steamfitter for work performed in New York City or the rates for Plumber/Steamfitter for work performed in

Rockland, Orange, Sullivan, and parts of Ulster counties, set by the New York State Department of Labor, was applicable to the public work performed by Plaintiffs in those localities.

71. The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs.

72. Defendant Johnson Controls breached their public works contracts and/or subcontracts by failing to pay Plaintiffs the proper prevailing wage and supplemental benefits rate for all hours worked doing sprinkler service work in performance of said contracts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for the following relief:

 a. Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*;

 b. An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

 c. An additional and equal amount of unpaid wages as liquidated damages pursuant to New York Labor Law Article 6 § 198;

 d. The difference between the wages paid to Plaintiffs for non-overtime work on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York State Department of Labor, and interest on said sum; and,

 e. Issuance of a declaratory judgment that the practices of Defendant Johnson Controls complained of herein are unlawful under the FLSA and New York State Labor Law.

Dated: New York, New York
     December 5, 2022

MENKEN SIMPSON & ROZGER LLP

By:   /s/ _____
Jason J. Rozger
80 Pine Street, 33nd Floor
New York, NY 10005
Office: 212-509-1616
Cellular: 973-432-1122