UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK WISNIEWSKI, et al.,

                Plaintiffs,

v.

JOHNSON CONTROLS, INC.,

                Defendant.

22-CV-10287 (DEH)

ORDER

---

DALE E. HO, United States District Judge:

On July 9, 2024, Judge Lehrburger denied Plaintiff's pre-motion letter to enforce a subpoena *duces tecum* on non-party New York State Department of Labor ("DOL"). *See* ECF No. 55. Specifically, Judge Lehrburger held "that DOL need not comply with request number two." *Id.* That request sought from DOL

> Any and all investigation documents and opinions concerning the prevailing wage rate(s) applicable to employees of Johnson Control Inc. (JCI) performing steamfitting and/or plumbing work from the JCI district office located in Hawthorne, NY, including but not limited to all case files for Case ID's numbered PW01 2021023123, PW01 2022000448, PW01 2022000447, PW01 2021025023, PW01 2021024717, PW01 2021023122, and PW01 2021023121.

ECF No. 39. Factors relevant to Judge Lehrburger's order denying Plaintiffs' pre-letter motion included the facts that "DOL is a non-party" to this suit; "[t]he relevant factual documents in the DOL investigation files can be sourced from Defendant Johnson Controls, as can any correspondence between Johnson Controls and the Defendants"; and "DOL's interim deliberations on open investigations that are on hold pending this litigation are material, and the production sought would impinge on DOL's deliberative process." ECF No. 55. Judge Lehrburger concluded "that DOL would be "unduly burdened if required to produce the materials sought," and he therefore denied the Plaintiffs' motion to compel compliance. *Id.*

On July 23, 2024, Plaintiffs objected to Judge Lehrburger's Order, primarily arguing that his determination that the subpoena would "'impinge on DOL's deliberative process'" was "an erroneous application of the deliberative process privilege" that must be reversed.  *See* ECF No. 58 (quoting ECF No. 55).

On August 5, 2024, DOL opposed Plaintiffs' objection.  *See* ECF No. 59.  DOL argued, *inter alia*, that Plaintiffs' objection "completely ignores the Order's first finding, that 'relevant factual documents in the DOL investigation files can be sourced from Defendant Johnson Controls, as can any correspondence between Johnson Controls and the Defendants.'"  *See id.*

Plaintiffs' reply in further support of its objection, if any, was due on August 19, 2024.  *See id.*  That date has now passed, and the Court is not in receipt of any submission.  Accordingly, the Court considers Plaintiffs' objection fully briefed.

Rule 72(a) calls for the Court to "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law."[1]  "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 10067, 2018 WL 3863447, at *3 (S.D.N.Y. Aug. 13, 2018).[2]  An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.*  "This standard of review is highly deferential, and magistrates are afforded broad discretion in resolving discovery disputes."  *Pac. Life Ins. Co. v. Bk. of N.Y. Mellon*, 571 F.Supp.3d 106, 111-112 (S.D.N.Y. 2021).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

[2] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

  The Court on its review of the record has not been left with the "definite and firm conviction that a mistake has been committed." *Blackrock*, 2018 WL 3863447, at *3. Accordingly, it adopts arguments raised by DOL in its response to Plaintiffs' objection, *see* ECF No. 59, and it affirms Judge Lehrburger's well-reasoned decision.

  SO ORDERED.

Dated: August 20, 2024
   New York, New York

_____
DALE E. HO
United States District Judge
