# MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

△ ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

February 26, 2025

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Wisniewski v. Johnson Controls, Inc.,* 22-cv-10287(PGG)(RWL)

Your Honor:

    Attached please find the executed settlement agreement for which the parties have requested Court approval (docket # 69). The attachment was inadvertently left from the filing. We apologize for the oversight.

Sincerely,

/s/

Jason Rozger

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between Plaintiffs Frank Wisniewski, John Filardi, Peter Cornale, Paul Rogers, David Latkowski, Robert Grant, and Robert Rumpf (collectively referred to hereinafter as "Plaintiffs") and Johnson Controls, Inc. ("JCI" or "Defendant").

**WHEREAS,** on December 5, 2022, Plaintiffs filed a Complaint in the United States District Court for the Southern District of New York, Case No. 1:22-cv-10287-DEH, against Defendant alleging wage claims under the Fair Labor Standards Act (the "FLSA") and New York common law (the "Action"); and

**WHEREAS** Defendant JCI steadfastly denies any and all liability for the claims, demands, allegations, assertions, disputes, and differences asserted, claimed, alleged, and made by Plaintiffs; and

**WHEREAS** Plaintiffs and JCI (collectively, the "Parties") have reached an amicable and final resolution of all claims of Plaintiffs alleged in the Action;

**NOW THEREFORE,** in consideration of the obligations upon Plaintiffs and Defendant as set forth in this Agreement, and in order to avoid the expense and inconvenience of further proceedings, Plaintiffs and Defendants agree as follows:

1. **Settlement Payment.** In exchange for the promises set forth in herein, JCI agrees that, so long as Plaintiffs properly execute this Agreement and adhere to the promises and agreements set out in this Agreement, and the Court enters an Order approving the Agreement (the "Approval Order"), Defendants shall pay Plaintiff the gross amount of Four Hundred and Five Thousand Dollars ($405,000.00) (the "Settlement Payment") allocated as follows:

    a) a check in the amount of Forty One Thousand Five Hundred Eighty Six Dollars **($41,586.00)** less required withholdings and deductions, payable to "Frank Wisniewski," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

    b) a check in the gross amount of Forty One Thousand Five Hundred Eighty Six Dollars **($41,586.00)** without withholdings, payable to "Frank Wisniewski," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

    c) a check in the amount of Five Thousand One Hundred Four Dollars **($5,104.00)** less required withholdings and deductions, payable to "John Filardi," representing back wages and claimed by Plaintiff, which will be reported on an IRS Form W-2;

    d) a check in the gross amount of Five Thousand One Hundred Four Dollars**($5,104.00)** without withholdings, payable to "John Filardi," in satisfaction

1

of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

e) a check in the amount of Forty One Thousand Three Hundred Ten Dollars and Fifty Cents (**$41,310.50**) less required withholdings and deductions, payable to "Peter Cornale," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

f) a check in the gross amount of Forty One Thousand Three Hundred Ten Dollars and Fifty Cents (**$41,310.50**) without withholdings, payable to "Peter Cornale," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

g) a check in the amount of Sixteen Thousand Two Hundred Ninety Eight Dollars (**$16,298.00**) less required withholdings and deductions, payable to "Paul Rogers," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

h) a check in the gross amount of Sixteen Thousand Two Hundred Ninety Eight Dollars (**$16,298.00**) without withholdings, payable to "Paul Rogers." in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

i) a check in the amount of Four Thousand Six Hundred Ninety Eight Dollars (**$4,699.00**) less required withholdings and deductions, payable to "David Latkowski," representing back wages and claimed by Plaintiff, which will be reported on an IRS Form W-2;

j) a check in the gross amount of Four Thousand Six Hundred Ninety Eight Dollars (**$4,698.00**) without withholdings, payable to "David Latkowski," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

k) a check in the amount of Five Thousand Two Hundred Seventy Eight Dollars (**$5,278.00**) less required withholdings and deductions, payable to "Robert Grant," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

l) a check in the gross amount of Five Thousand Two Hundred Seventy Eight Dollars (**$5,278.00**) without withholdings, payable to "Robert Grant," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

m) a check in the amount of Thirty Thousand Seven Hundred Twenty Five Dollars (**$30,725.00**) less required withholdings and deductions, payable to "Robert Rumpf," representing back wages wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

n) a check in the gross amount of Thirty Thousand Seven Hundred Twenty Five Dollars (**$30,725.00**) without withholdings, payable to "Robert Rumpf," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

o) a check in the amount of One Hundred Fifteen Thousand Dollars(**$115,000**) payable to "Menken Simpson & Rozger LLP which represents attorneys' fees claimed by Plaintiffs. A Form 1099 will be issued to Plaintiffs and Plaintiffs' attorneys for the payment received under this Section 1(o).

p) Plaintiffs and Plaintiffs' attorneys agree to provide a completed Form W-9 for each Plaintiff and for Menken Simpson & Rozger LLP as a condition of payment. JCI shall have no obligation to make payment to any Plaintiff who has not provided a current W-9 to JCI.

2. **Plaintiffs' Release of Claims.** For good and valuable consideration received under this Agreement, Plaintiffs, together with Plaintiffs' heirs, beneficiaries, successors, assigns, estate and representatives, knowingly, voluntarily, unconditionally, and generally releases and forever discharges Defendant, and its affiliates, owners, subsidiaries, predecessors, insurers, successors or assigns, present and former attorneys, officers, partners, directors, Plaintiffs, agents, shareholders, successors, assigns, trustees, heirs, administrators, executors, representatives and principals, their Plaintiff benefit plans and programs, as well as their administrators and fiduciaries (collectively, the "Releasees"), from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown that have been or could have been asserted by Plaintiffs or any of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives arising out of any claims that were or could reasonably have been asserted in the Action, including but not limited to all claims under the federal Fair Labor Standards Act, New York Labor Law Articles 6 and 8, and/or contracts, from the beginning of time up to and including the date of entry of the Approval Order by the Court

3. **Submission to Court for Approval of Settlement**. The parties shall file with the Court "a joint statement explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable." Plaintiffs' attorneys shall prepare this joint statement. Defendant shall have no obligation to make any payment pursuant to Paragraph 1 until 45 days after the Court enters an Approval Order (on condition that JCI has received the appropriate tax forms from each Plaintiff). The submission will provide that the Court will retain jurisdiction over the case for purposes of enforcing the settlement. Defendant shall deliver the payments set forth in paragraph 1 within 30 days of the court entering an Approval Order.

4. **Dismissal of Action**. Upon the Court's approval of the settlement, the Action shall be dismissed with prejudice.

5. **Covenant Not to Sue**. Each Plaintiff represents and warrants that other than the Action, and complaints filed with the New York State Department of Labor, he has not filed or participated in, and will not file or participate in, any other action, charge, complaint, proceeding, or demand

3

of any kind against the Releasees in any court or before any arbitrator, administrative, or investigative body or agency relating in any way to any claim arising prior to all Plaintiffs' execution of this Agreement that was or could have been asserted in the Action.

6. **Non-Admission of Liability.** Plaintiffs recognize and agree that this Agreement is not intended to imply any wrongdoing on Defendant's part with respect to Plaintiffs' employment or its cessation, or any other reason, and shall not constitute evidence of the same.

7. **Knowing and Voluntary Agreement.** Plaintiffs knowingly, freely, and voluntarily enter into this Agreement and the above release of claims, of Plaintiffs' own free will without any duress or coercion by Defendant or its representatives, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled. Plaintiffs understand and acknowledge the significance and consequence of this Agreement and of each specific release and waiver, and expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions. In the event of any dispute, this Agreement will be interpreted in accordance with its fair meaning.

8. **Complete Agreement.** This Agreement is the complete agreement among the Parties and any prior agreements, promises, and understandings, whether written or oral, between the Parties concerning the subject matter of this Agreement are superseded and void, except as set forth herein. No representations or promises have been made by any party except as set forth in this Agreement. This Agreement may be modified only by a written agreement signed by Plaintiff and an authorized representative of Defendants.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of New York without reference to its conflicts of law principles. Any and all actions and proceedings relating to or arising out of this Agreement shall be brought in the federal and/or state courts of the State of New York and the Parties hereby irrevocably submit to the exclusive jurisdiction of such courts.

10. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together taken shall constitute one and the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement, or a signature transmitted by facsimile or electronic mail, shall have the same effect as the original signature.

11. **Attorneys' Fees.** In any action to enforce of any provision of this Agreement, the prevailing party, on any or all issues presented, shall be entitled to their reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Agreement and Release as of the dates set forth below.

DATED: February __, 2025                MENKEN SIMPSON & ROZGER LLP


By: _____
  Bruce Menken
  Jason Rozger
  80 Pine Street, 33rd Floor
  New York, New York 10005
  212.509.1616

Attorneys for Plaintiffs

New York, New York 10005<br>
212.509.1616

Attorneys for Plaintiffs

DATED: February 18, 2025  _____
                                          FRANK WISNIESKI

DATED: February ___, 2025  _____
                                          JOHN FILARDI

DATED: February ___, 2025  _____
                                          PETER CORNALE

DATED: February ___, 2025  _____
                                          PAUL ROGERS

DATED: February ___, 2025  _____
                                          DAVID LATKOWSKI

DATED: February ___, 2025  _____
                                          ROBERT GRANT

DATED: February ___, 2025  _____
                                          ROBERT RUMPF

DATED: February ___, 2025 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: Peter O. Hughes
    191 Peachtree St., N.E., Suite 4800
    Atlanta, GA 30303
    404-260-0661

    Jocelyn A. Merced
    131 Madison Avenue, 4th Floor
    Morristown, NJ 07960
    973-656-1600

    Attorneys for Defendant

Attorneys for Plaintiffs

DATED: February ___, 2025  _____
FRANK WISNIESKI

DATED: February 17, 2025  _____
JOHN FILARDI

DATED: February ___, 2025  _____
PETER CORNALE

DATED: February ___, 2025  _____
PAUL ROGERS

DATED: February ___, 2025  _____
DAVID LATKOWSKI

DATED: February ___, 2025  _____
ROBERT GRANT

DATED: February ___, 2025  _____
ROBERT RUMPF

DATED: February ___, 2025 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:
Peter O. Hughes
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30303
404-260-0661

Jocelyn A. Merced
131 Madison Avenue, 4th Floor
Morristown, NJ 07960
973-656-1600

Attorneys for Defendant

11. **Attorneys' Fees.** In any action to enforce of any provision of this Agreement, the prevailing party, on any or all issues presented, shall be entitled to their reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Agreement and Release as of the dates set forth below.

DATED: February ___, 2025    MENKEN SIMPSON & ROZGER LLP

By: _____
Bruce Menken
Jason Rozger
80 Pine Street, 33rd Floor
New York, New York 10005
212.509.1616

Attorneys for Plaintiffs

DATED: February ___, 2025    _____
FRANK WISNIESKI

DATED: February ___, 2025    _____
JOHN FILARDI

DATED: February 16, 2025    _____
PETER CORNALE

DATED: February ___, 2025    _____
PAUL ROGERS

DATED: February ___, 2025    _____
DAVID LATKOWSKI

DATED: February ___, 2025    _____
ROBERT GRANT

DATED: February ___, 2025    _____
ROBERT RUMPF

DATED: February ___, 2025         _____
                                                   FRANK WISNIESKI

DATED: February ___, 2025         _____
                                                   JOHN FILARDI

DATED: February ___, 2025         _____
                                                   PETER CORNALE

DATED: February 14___, 2025       *(signed)* _____
                                                   PAUL ROGERS

DATED: February ___, 2025         _____
                                                   DAVID LATKOWSKI

DATED: February ___, 2025         _____
                                                   ROBERT GRANT

DATED: February ___, 2025         _____
                                                   ROBERT RUMPF

DATED: February ___, 2025

_____
FRANK WISNIESKI

DATED: February ___, 2025

_____
JOHN FILARDI

DATED: February ___, 2025

_____
PETER CORNALE

DATED: February ___, 2025

_____
PAUL ROGERS

DATED: February 15, 2025

*David Latkowski* (signature)
_____
DAVID LATKOWSKI

DATED: February ___, 2025

_____
ROBERT GRANT

DATED: February ___, 2025

_____
ROBERT RUMPF

Release as of the dates set forth below.

DATED: February __, 2025     MENKEN SIMPSON & ROZGER LLP

By: _____
    Bruce Menken
    Jason Rozger
    80 Pine Street, 33rd Floor
    New York, New York 10005
    212.509.1616

Attorneys for Plaintiffs

DATED: February ___, 2025     _____
    FRANK WISNIESKI

DATED: February ___, 2025     _____
    JOHN FILARDI

DATED: February ___, 2025     _____
    PETER CORNALE

DATED: February ___, 2025     _____
    PAUL ROGERS

DATED: February ___, 2025     _____
    DAVID LATKOWSKI

DATED: February 15, 2025     /s/ Robert Grant
    ROBERT GRANT

DATED: February ___, 2025     _____
    ROBERT RUMPF

☐
DATED: February ___, 2025     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

DATED: February ___, 2025      _____
                                                FRANK WISNIESKI

DATED: February ___, 2025      _____
                                                JOHN FILARDI

DATED: February ___, 2025      _____
                                                PETER CORNALE

DATED: February ___, 2025      _____
                                                PAUL ROGERS

DATED: February ___, 2025      _____
                                                DAVID LATKOWSKI

DATED: February ___, 2025      _____
                                                ROBERT GRANT

DATED: February 17, 2025      *[signature]*
                                                ROBERT RUMPF

DATED: February 21, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Peter O. Hughes
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30303
404-260-0661

Jocelyn A. Merced
131 Madison Avenue, 4th Floor
Morristown, NJ 07960
973-656-1600

Attorneys for Defendant

7