## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between Plaintiffs Frank Wisniewski, John Filardi, Peter Cornale, Paul Rogers, David Latkowski, Robert Grant, and Robert Rumpf (collectively referred to hereinafter as "Plaintiffs") and Johnson Controls, Inc. ("JCI" or "Defendant").

**WHEREAS,** on December 5, 2022, Plaintiffs filed a Complaint in the United States District Court for the Southern District of New York, Case No. 1:22-cv-10287-DEH, against Defendant alleging wage claims under the Fair Labor Standards Act (the "FLSA") and New York common law (the "Action"); and

**WHEREAS** Defendant JCI steadfastly denies any and all liability for the claims, demands, allegations, assertions, disputes, and differences asserted, claimed, alleged, and made by Plaintiffs; and

**WHEREAS** Plaintiffs and JCI (collectively, the "Parties") have reached an amicable and final resolution of all claims of Plaintiffs alleged in the Action;

**NOW THEREFORE,** in consideration of the obligations upon Plaintiffs and Defendant as set forth in this Agreement, and in order to avoid the expense and inconvenience of further proceedings, Plaintiffs and Defendants agree as follows:

1.     **Settlement Payment.** In exchange for the promises set forth in herein, JCI agrees that, so long as Plaintiffs properly execute this Agreement and adhere to the promises and agreements set out in this Agreement, and the Court enters an Order approving the Agreement (the "Approval Order"), Defendants shall pay Plaintiff the gross amount of Four Hundred and Five Thousand Dollars ($405,000.00) (the "Settlement Payment") allocated as follows:

   a)  a check in the amount of Forty One Thousand Five Hundred Eighty Six Dollars **($41,586.00)** less required withholdings and deductions, payable to "Frank Wisniewski," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

   b)  a check in the gross amount of Forty One Thousand Five Hundred Eighty Six Dollars **($41,586.00)** without withholdings, payable to "Frank Wisniewski," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

   c)  a check in the amount of Five Thousand One Hundred Four Dollars **($5,104.00)** less required withholdings and deductions, payable to "John Filardi," representing back wages and claimed by Plaintiff, which will be reported on an IRS Form W-2;

   d)  a check in the gross amount of Five Thousand One Hundred Four Dollars **($5,104.00)** without withholdings, payable to "John Filardi," in satisfaction of any

1

and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

e) a check in the amount of Forty One Thousand Three Hundred Ten Dollars and Fifty Cents (**$41,310.50**) less required withholdings and deductions, payable to "Peter Cornale," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

f) a check in the gross amount of Forty One Thousand Three Hundred Ten Dollars and Fifty Cents (**$41,310.50**) without withholdings, payable to "Peter Cornale," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

g) a check in the amount of Sixteen Thousand Two Hundred Ninety Eight Dollars (**$16,298.00**) less required withholdings and deductions, payable to "Paul Rogers," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

h) a check in the gross amount of Sixteen Thousand Two Hundred Ninety Eight Dollars (**$16,298.00**) without withholdings, payable to "Paul Rogers." in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

i) a check in the amount of Four Thousand Six Hundred Ninety Eight Dollars (**$4,698.00**) less required withholdings and deductions, payable to "David Latkowski," representing back wages and  claimed by Plaintiff, which will be reported on an IRS Form W-2;

j) a check in the gross amount of Four Thousand Six Hundred Ninety Eight Dollars (**$4,698.00**) without withholdings, payable to "David Latkowski," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

k) a check in the amount of Five Thousand Two Hundred Seventy Eight Dollars (**$5,278.00**) less required withholdings and deductions, payable to "Robert Grant," representing back wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

l) a check in the gross amount of Five Thousand Two Hundred Seventy Eight Dollars (**$5,278.00**) without withholdings, payable to "Robert Grant," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

m) a check in the amount of Thirty Thousand Seven Hundred Twenty Five Dollars (**$30,725.00**) less required withholdings and deductions, payable to "Robert Rumpf," representing back wages wages claimed by Plaintiff, which will be reported on an IRS Form W-2;

n) a check in the gross amount of Thirty Thousand Seven Hundred Twenty Five Dollars (**$30,725.00**) without withholdings, payable to "Robert Rumpf," in satisfaction of any and all claims for liquidated damages pursuant to the FLSA, which will be reported on an IRS Form 1099; and

o) a check in the amount of One Hundred Fifteen Thousand Dollars (**$115,000**) payable to "Menken Simpson & Rozger LLP which represents attorneys' fees claimed by Plaintiffs. A Form 1099 will be issued to Plaintiffs and Plaintiffs' attorneys for the payment received under this Section 1(o).

p) Plaintiffs and Plaintiffs' attorneys agree to provide a completed Form W-9 for each Plaintiff and for Menken Simpson & Rozger LLP as a condition of payment. JCI shall have no obligation to make payment to any Plaintiff who has not provided a current W-9 to JCI.

2.    **Plaintiffs' Release of Claims.** For good and valuable consideration received under this Agreement, Plaintiffs, together with Plaintiffs' heirs, beneficiaries, successors, assigns, estate and representatives, knowingly, voluntarily, unconditionally, and generally releases and forever discharges Defendant, and its affiliates, owners, subsidiaries, predecessors, insurers, successors or assigns, present and former attorneys, officers, partners, directors, Plaintiffs, agents, shareholders, successors, assigns, trustees, heirs, administrators, executors, representatives and principals, their Plaintiff benefit plans and programs, as well as their administrators and fiduciaries (collectively, the "Releasees"), from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown that have been or could have been asserted by Plaintiffs or any of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives arising out of any wage-related claims that were or could reasonably have been asserted in the Action, including but not limited to all wage-related claims under the federal Fair Labor Standards Act, New York Labor Law Articles 6 and 8, and/or contracts, from the beginning of time up to and including the date of entry of the Approval Order by the Court

3.    **Submission to Court for Approval of Settlement**. The parties shall file with the Court "a joint statement explaining the basis for the proposed settlement, including any provision for attorney fees, and why it should be approved as fair and reasonable." Plaintiffs' attorneys shall prepare this joint statement. Defendant shall have no obligation to make any payment pursuant to Paragraph 1 until 45 days after the Court enters an Approval Order (on condition that JCI has received the appropriate tax forms from each Plaintiff). The submission will provide that the Court will retain jurisdiction over the case for purposes of enforcing the settlement. Defendant shall deliver the payments set forth in paragraph 1 within 30 days of the court entering an Approval Order.

4.    **Dismissal of Action**. Upon the Court's approval of the settlement, the Action shall be dismissed with prejudice.

5.    **Covenant Not to Sue**. Each Plaintiff represents and warrants that other than the Action, and complaints filed with the New York State Department of Labor, he has not filed or participated in, and will not file or participate in, any other action, charge, complaint, proceeding, or demand

of any kind against the Releasees in any court or before any arbitrator, administrative, or investigative body or agency relating in any way to any wage-related claim arising prior to all Plaintiffs' execution of this Agreement that was or could have been asserted in the Action.

6.     **Non-Admission of Liability.**  Plaintiffs recognize and agree that this Agreement is not intended to imply any wrongdoing on Defendant's part with respect to Plaintiffs' employment or its cessation, or any other reason, and shall not constitute evidence of the same.

7.     **Knowing and Voluntary Agreement.** Plaintiffs knowingly, freely, and voluntarily enter into this Agreement and the above release of claims, of Plaintiffs' own free will without any duress or coercion by Defendant or its representatives, in exchange for good and valuable consideration in addition to anything of value to which Plaintiffs are otherwise entitled. Plaintiffs understand and acknowledge the significance and consequence of this Agreement and of each specific release and waiver, and expressly consents that this Agreement shall be given full force and effect according to each and all of its express terms and provisions.  In the event of any dispute, this Agreement will be interpreted in accordance with its fair meaning.

8.     **Complete Agreement.** This Agreement is the complete agreement among the Parties and any prior agreements, promises, and understandings, whether written or oral, between the Parties concerning the subject matter of this Agreement are superseded and void, except as set forth herein. No representations or promises have been made by any party except as set forth in this Agreement. This Agreement may be modified only by a written agreement signed by Plaintiff and an authorized representative of Defendants.

9.     **Governing Law.**  This Agreement shall be governed by the laws of the State of New York without reference to its conflicts of law principles. Any and all actions and proceedings relating to or arising out of this Agreement shall be brought in the federal and/or state courts of the State of New York and the Parties hereby irrevocably submit to the exclusive jurisdiction of such courts.

10.     **Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together taken shall constitute one and the same instrument.  A signature made on a faxed or electronically mailed copy of the Agreement, or a signature transmitted by facsimile or electronic mail, shall have the same effect as the original signature.

11.     **Attorneys' Fees.**  In any action to enforce of any provision of this Agreement, the prevailing party, on any or all issues presented, shall be entitled to their reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Agreement and Release as of the dates set forth below.

DATED: March 10, 2025                    MENKEN SIMPSON & ROZGER LLP

By: _____

Jason Rozger
80 Pine Street, 33rd Floor
New York, New York 10005
212.509.1616

Attorneys for Plaintiffs

DATED: February ___, 2025

_____
FRANK WISNIESKI


DATED: February ___, 2025

_____
JOHN FILARDI


DATED: February ___, 2025

_____
PETER CORNALE


DATED: March 6, 2025

_____
PAUL ROGERS


DATED: February ___, 2025

_____
DAVID LATKOWSKI


DATED: February ____, 2025

_____
ROBERT GRANT


DATED: February ____, 2025

_____
ROBERT RUMPF

Firefox



8:20

# Settlement agreement s...  ⌄    Done

By:

> Bruce Menken
> Jason Rozger
> 80 Pine Street, 33rd Floor
> New York, New York 10005
> 212.509.1616

Attorneys for Plaintiffs

DATED: ~~February 14~~ March 10, 2025 _____
                                      FRANK WISNIESKI

DATED: February ___, 2025 _____
                          JOHN FILARDI

DATED: February ___, 2025 _____
                          PETER CORNALE

DATED: February 14___, 2025 _____
                            PAUL ROGERS

DATED: February ___, 2025 _____
                          DAVID LATKOWSKI

DATED: February ___, 2025 _____
                          ROBERT GRANT

DATED: February ___, 2025

_____
FRANK WISNIESKI

DATED: February ___, 2025

_____
JOHN FILARDI

DATED: February ___, 2025

_____
PETER CORNALE

DATED: February 14___, 2025

_____
PAUL ROGERS

DATED: February ___, 2025

_____
DAVID LATKOWSKI

DATED: February ____, 2025

_____
ROBERT GRANT

DATED: ~~February 1 7~~ March 10 2025

_____
ROBERT RUMPF

6

11. **Attorneys' Fees.** In any action to enforce of any provision of this Agreement, the prevailing party, on any or all issues presented, shall be entitled to their reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Agreement and Release as of the dates set forth below.

DATED: February __, 2025        MENKEN SIMPSON & ROZGER LLP


By:
       Bruce Menken
       Jason Rozger
       80 Pine Street, 33rd Floor
       New York, New York 10005
       212.509.1616


       Attorneys for Plaintiffs


DATED: February ___, 2025    _____
                      FRANK WISNIESKI


DATED: February ___, 2025    _____
                      JOHN FILARDI


DATED: February 16, 2025    _____
                      PETER CORNALE


DATED: February 14___, 2025 _____
                      PAUL ROGERS


DATED: February ___, 2025    _____
                      DAVID LATKOWSKI


DATED: February ____, 2025    _____
                      ROBERT GRANT


DATED: February ____, 2025    _____

5:57

By:
Bruce Menken
Jason Rozger
80 Pine Street, 33rd Floor
New York, New York 10005
212.509.1616

Attorneys for Plaintiffs

DATED: February ___, 2025    _____
FRANK WISNIESKI

3/6/25
DATED: ~~February~~ ___, 2025    _____
JOHN FILARDI

DATED: February ___, 2025    _____
PETER CORNALE

DATED: February 14___, 2025    _____
PAUL ROGERS

DATED: February ___, 2025    _____
DAVID LATKOWSKI

DATED: February ___, 2025    _____
ROBERT GRANT

DATED: February ___, 2025    _____
ROBERT RUMPF

DATED: February ___, 2025 OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By:
Peter O. Hughes
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30303
404-260-0661

Jocelyn A. Merced
131 Madison Avenue, 4th Floor
Morristown, NJ 07960
973-656-1600

Attorneys for Defendant



IN WITNESS WHEREOF, the Parties knowingly and voluntarily executed this Agreement and Release as of the dates set forth below.

DATED: February __, 2025        MENKEN SIMPSON & ROZGER LLP


By:
         Bruce Menken
         Jason Rozger
         80 Pine Street, 33rd Floor
         New York, New York 10005
         212.509.1616


         Attorneys for Plaintiffs


DATED:  February ___, 2025     _____
                                      FRANK WISNIESKI


DATED:  February ___, 2025     _____
                                      JOHN FILARDI


DATED:  February ___, 2025     _____
                                      PETER CORNALE


DATED:  February 14___, 2025  _____
                                      PAUL ROGERS


DATED:  February ___, 2025     _____
                                      DAVID LATKOWSKI


DATED: February ____, 2025    _____
                                      ROBERT GRANT


DATED: February ____, 2025    _____
                                      ROBERT RUMPF


DATED:  February ___, 2025 OGLETREE, DEAKINS, NASH, SMOAK &
                            STEWART, P.C.

DATED: February ___, 2025

_____
FRANK WISNIESKI


DATED: February ___, 2025

_____
JOHN FILARDI


DATED: February ___, 2025

_____
PETER CORNALE


DATED: February ___, 2025

_____
PAUL ROGERS


DATED: February _15_, 2025

*David Latkowski*
_____
DAVID LATKOWSKI


DATED: February ____, 2025

_____
ROBERT GRANT


DATED: February ____, 2025

_____
ROBERT RUMPF


6

DATED:  March 11, 2025

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By:  _____

Peter O. Hughes
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30303
404-260-0661

Jocelyn A. Merced
131 Madison Avenue, 4th Floor
Morristown, NJ 07960
973-656-1600

Attorneys for Defendant